**Entered on Docket**
**January 13, 2010**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed: January 12, 2010**



_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                   No. 08-45683 TD
                                        Chapter 7
LIPID SCIENCES, INC.,

        Debtor.
_____/

**MEMORANDUM RE SECOND FEE APPLICATION BY PATENT COUNSEL**

The Law Firm of Kilpatrick Stockton LLC ("Kilpatrick") filed a second fee application which was noticed for hearing on August 6, 2009. The Court had serious problems with the application. Because Kilpatrick did not appear at the hearing, the Court explained these problems to the chapter 7 trustee's counsel, who did appear. Months later, Kilpatrick filed a supplement to the second fee application. However, the supplement addressed only one minor problem. In addition, the Court has noted an additional concern: i.e, with the scope of the work performed by Kilpatrick. Consequently, the Court reiterates its decision to deny Kilpatrick's second fee application without prejudice. The Court's problems with the application are described below.

**BACKGROUND**

The above-captioned chapter 7 case was filed on October 3, 2008. Lois Brady (the "Trustee") was appointed as the chapter 7 trustee. On October 13, 2008, the Trustee filed an application to employ the Law Offices of Reidun Stromsheim (the "Trustee's counsel") as her bankruptcy counsel. The application was granted pursuant to an order entered on October 30, 2008.

On November 17, 2008, the Trustee filed an application to employ Kilpatrick as special counsel to provide services in connection with "an Office Action in U.S. Patent Application No. 12/121,317 entitled "Novel Peptides that Promote Lipid Efflux", a continuation of U.S. Patent Application No. 12/021,629 (the "Peptide Patent"). The application noted that Kilpatrick had been the Debtor's patent counsel for eight years and had submitted the patent application to the United States Patent and Trademark Office (the "USPTO") prior to the bankruptcy filng. It noted that Kilpatrick had received notice from the USPTO that the application had been reviewed favorably and that a response to the Office Action was required to be filed before November 10, 2008 to prevent its abandonment.

The employment application stated that the principals of the Debtor had represented to the Trustee that the Peptide Patent was extremely valuable. It stated that Kilpatrick estimated that the cost of the legal services required to file the response would be about $3,000. Because the estate had no money, counsel for the Debtor had agreed to advance this amount to Kilpatrick.

2

The application was supported by the declaration of John McDonald, a partner of Kilpatrick. The declaration stated that, in addition to the work described in the application, Kilpatrick had agreed to perform such *minimal* services as required responding to notices of future action in the management of the Debtor's extensive patent portfolio. This expanded scope of employment was not mentioned in the application. The order approving the application was entered on November 24, 2008.

On January 15, 2009, the Trustee filed a supplemental application re the employment of Kilpatrick. The supplemental application noted that applications for recognition of the Peptide Patent had been pursued in a number of other countries and that action was required to preserve these applications. The Trustee stated that she had concluded that it was to the benefit of the estate to prosecute these other patent applications, at least in some of the countries. She estimated that this additional work would cost the estate an additional $5,000 in attorneys' fees plus costs of about $2,252. She sought an amended order approving Kilpatrick's employment to cover this work. An order granting this request was entered on March 5, 2009.

On January 15, 2009, Kilpatrick filed a fee application, seeking allowance of fees totaling $5,872.50 (less $3,000 already received) and costs of $1,215.55 for the work performed and costs incurred as of the date of filing of the application. The application notes that some additional work would be required. Attached to the application was an invoice describing in detail the work performed and time spent

3

by the various professionals. The application was noticed for hearing on March 5, 2009, no objections were filed, and an order granting the application was entered.

On July 17, 2009, Kilpatrick filed a second fee application. The application was noticed for hearing on August 6, 2009. The second fee application sought additional attorneys' fees of $45,948.69 and additional costs of $27,154.04. The application noted that not included in this amount was 6.2 hours or approximately $3,689 in fees for preparation of the second fee application. It stated that there would be a request for payment of this amount at a later date.

The narrative of the application stated that Kilpatrick had assisted the Trustee with the prosecution and maintenance of the Debtor's entire domestic and international patent portfolio, including the Elanco Sale, the HDL Portfolio, and the Peptide Program. In the Court's view, work on the first two projects was never authorized. Moreover, even if the reference in the declaration only to the possibility that Kilpatrick would perform work on other projects is deemed sufficient disclosure, based on the fees requested, the work performed hardly appears to have been minimal.

The application noted that the costs included the fees of foreign patent counsel who provided services to the Trustee and Kilpatrick to prosecute the foreign patent applications. This portion of the costs in entirely inappropriate. Fees may be paid only to court appointed professionals. This requirement may not be circumvented by including

4

these attorneys' fees as costs in the fee application of a professional who was appointed by the Court.

Attached to the application is a series of invoices. They are preceded by a summary which indicates that there are two invoices dated November 12, 2008, one invoice each for the following dates: December 9, 2008, January 12, 2009, February 12, 2009, March 10, 2009, April 10, 2009, two invoices dated May 7, 2009, and one invoice each dated June 9, 2009 and July 7, 2009, respectively. However, the invoices attached do not correspond to this summary. There are multiple invoices provided bearing the dates noted above. Many of the invoices bear descriptions of services that are incomprehensible to the Court. Moreover, as noted above, many of the invoices reflect services beyond the scope of work that was authorized. Clearly, the amounts requested greatly exceed Kilpatrick's estimates.

Kilpatrick did not appear at the hearing on its second fee application. However, the Trustee's counsel did appear. The Court explained to her in detail the problems it had with the application. The Trustee's counsel offered to assist Kilpatrick in remedying the problems.

On December 7, 2009, Kilpatrick filed a supplement to its second fee application. The supplement indicated that Kilpatrick had reduced its request for reimbursement of costs from $27,154.04 to $10,833.73 because it had discovered that $10,238.06 of the cost request was for services rendered prior to the bankruptcy filing. It did not explain the basis for the additional reduction. No revised

5

invoices were filed. The only new attachments to the application were resumes for the various Kilpatrick professionals.

On December 30, 2009, the Office of the United States Trustee (the "UST") filed an objection to Kilpatrick's second fee application and on December 31, 2009 a corrected objection (collectively the "UST Objection"). The UST Objection objected to Kilpatrick's request to be reimbursed for costs consisting of payments to foreign counsel.

In sum, the problems noted at the August 6, 2009 hearing have not been rectified. The format of the invoices makes them impossible for the Court to review. Many of the task descriptions are incomprehensible. Moreover, Kilpatrick continues to request reimbursement of fees paid to foreign counsel.

In addition, it appears that Kilpatrick performed legal services giving rise to a substantial portion of the fees requested on projects that were not identified in the employment application. There is no explanation for how this occurred. It is unclear whether Kilpatrick's services have provided any value to the estate commensurate with the fees and costs being requested.

For all of these reasons, Kilpatrick's second application remains denied without prejudice. The Court will consider an amended fee application providing invoices in a readable format. However, if Kilpatrick is to be paid for services provided on projects not authorized by the employment application, the Trustee must file an amended employment application and seek approval nunc pro tunc, explaining how these additional services came to be provided without prior court approval. Similarly, if the fees of the foreign counsel

6

are to be paid, applications to employ them on a nunc pro tunc basis will have to be filed.

END OF DOCUMENT

COURT SERVICE LIST

Lois I. Brady
P.O. Box 12754
Oakland, CA 94604

Reidun Stromsheim
Law Offices of Stromsheim and Assoc.
201 California St. #350
San Francisco, CA 94111

John McDonald
Kirkpatrick Stockton LLP
1100 Peachtree St., Ste. 2800
Atlanta, GA 30309-4530